**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:08-cv-017**

| | |
|---|---|
| DAVID W. HAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorneys' Fees Under the Social Security Act, 42 U.S.C. §406(b). [Doc. 21].

**I.  PROCEDURAL HISTORY**

The Plaintiff, David W. Hayes, initiated this action on July 2, 2008, seeking review of the denial of his claim for benefits by the Defendant, Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act ("the Act"). [Doc. 1]. On January 9, 2009, the Court remanded the matter to the agency under Sentence Four of 42 U..S.C. §405(g).[Doc. 13].

The Plaintiff thereupon moved for and was granted an award of attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $5,105.00. [Doc. 19]. On remand, the Plaintiff and his beneficiary were awarded benefits, including significant past due benefit awards of $50,930.00 combined, from which $12,732.50 combined was withheld for the possible payment of attorney fees under the Act. Now Plaintiff comes with his Motion seeking approval of a fee equal to $7,432.50 under 42 U.S.C. §406(b). [Doc. 21].

In response, Defendant states that it will not oppose a reasonable award that does not exceed $12,015.75, and requests the Court to order Plaintiff's counsel to reimburse Plaintiff the lesser of the awards under EAJA or this Order. [Doc. 22].

## II. ANALYSIS

As noted by the Defendant, the Social Security Administration provides three avenues by which a claimant's attorney may be paid fees in disability cases. Section 206 of the Social Security Act, 42 U.S.C. § 406 and the agency's implementing regulations bifurcate attorney's fees for representation of claimants into services before the agency and services before the courts. Section 406(a) provides attorneys with the means of

requesting fees directly from the agency, either through a fee petition or through a fee agreement. For cases that proceed to federal court, where the court renders a judgment favorable to the claimant, the Social Security Act also provides that the court may determine, and allow a reasonable fee paid to counsel for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. 42 U.S.C. § 406(b)(1)(A), Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 138 (4th Cir. 2009).

Fees may be awarded under 42 U.S.C. §406(b) even when the award of benefits under which they are claimed, is granted by the agency after the Court's order of remand under sentences four or six of 42 U.S.C. §405(g), rather than granted directly by the Court. Connor v. Gardner, 381 F.2d 497, 500 (4th Cir. 1967), McPeak v. Barnhart,388 F.Supp.2d 742 (S.D.W.Va.,2005).

The third avenue by which a claimant's attorney may receive fees is a petition by claimant for fees pursuant to the EAJA, 28 U.S.C. § 2412(d). An EAJA award is permitted and payable to claimant if a claimant receives a favorable decision from a court. Stephens, 565 F.3d at 137.

Fee awards may be made pursuant to both the EAJA and section 406 of the Social Security Act; however, claimant's attorney must surrender to the claimant the smaller of any two awards actually paid to him. Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002), Stephens at 139. This outcome must be effected through the Court's entry of an order setting the 406(b) fee and directing counsel's reimbursement of the EAJA fee therefrom. Gisbrecht, 535 U.S. at 796, Yarnevic v. Apfel, 359 F.Supp.2d 1363 (N.D.Ga. 2005). The Defendant notes that the EAJA fee is not deducted from the retroactive benefit amount paid to the claimant because it is paid out of the agency's funds as a penalty to the Commissioner; while fees paid under 42 U.S.C. §406(b) are paid from the claimant's past-due benefits in order to satisfy his obligation to counsel. Orner v. Shalala, 30 F.3d 1307, 1309 (10th Cir. 1994).

## IV. DISCUSSION

In the present case, the Defendant does not contest the Plaintiff's request for fees. Plaintiff has submitted a copy of his fee agreement, review of which reveals a contingency fee arrangement compliant with the Act; as such its terms are not displaced by 42 U.S.C. §406. In light of the above-cited history of this matter, and with the presence of evidence that special circumstances exist that would render an award of attorneys' fees

4

under this agreement partly just and partly unjust, the Court concludes that the Plaintiff is entitled to an award of attorneys' fees under his fee agreement to the extent permitted below and by 42 U.S.C. §406(b).

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded. Under section 406(b)(1)(A), an award of attorneys' fees must be "reasonable." Gisbrecht, 535 U.S. at 792. Yarnevic v. Apfel, 359 F.Supp.2d 1363, N.D.Ga. 2005. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). Because section 406(b) requires an affirmative judicial finding that the fee yielded by a 406(b)-compliant contingency fee agreement is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied. Gisbrecht , 535 U.S. at 789 n. 17.

Factors the Court may examine in its reasonableness determination include, pursuant to Gisbrecht, whether Plaintiff's counsel has interjected unnecessary delay and the proportion of time expended to benefits awarded. Id. at 808.

Review of the docket sheet for this case shows no delay was interposed by Plaintiff's attorney while before the Court. The Court appears precluded from considering any delay during the remand period.

Morris v. Social Security Administration, 689 F.2d 495, 497 (4th Cir.1982). In any event the Court can infer no such delay from the docket: about fourteen months passed from the entry of the judgment of remand under sentence four until an award was entered for Plaintiff, during which a hearing and decision would have had to occur, and this is not an atypical timeframe for these events.

In support of his request for an award of $7,432.50, the Plaintiff submits two itemizations of the hours claimed by counsel to be related to hours worked in this case before the Court, but not those before the agency. Morris, [Doc. 21-4, 5]. These state a total 34.10 combined hours [Doc. 21-5 p.1], 6.8 hours attributable to the firm of Russell Bowling[1] and the remaining 27.4 hours among Charles Martin and Perrie Naides. The combined work at the claimed rate calculates to $224.00 per hour.

Under 406(b), Plaintiff's counsel may directly seek fees and the Agency may directly certify payment thereto. 42 USC § 406(b)(1)(A). In this matter, only one attorney has appeared as counsel of record for Plaintiff, namely, Russell Bowling. Mr. Bowling is admitted to and is in good standing with this Court. Mr. Bowling has included in his motion a

---

[1]The Court notes that the Plaintiff spontaneously filed a late Supplement to Motion for Attorney Fees [Doc. 23] consisting of the affidavit of attorney Bowling whose most pertinent statement is that in his EAJA fee petition, he understated the number of hours worked. That Supplement, however, does not amend the number of hours he claims to have worked in this 406(b) fee petition. [Doc. 21-4].

claim for services of two other attorneys, Charles L. Martin and Perrie Naides. The product of the services described, Plaintiff's brief which ultimately yielded success in obtaining benefits for the Plaintiff, is a testament to the expertise of all who contributed. Nevertheless, it remains that neither Mr. Martin nor Ms. Naides have appeared as counsel of record in this case. More importantly, neither is admitted in this District or licensed to practice law in this state, and neither has sought or been allowed *pro hac vice* admission in this matter. The case having been filed in 2008, ample time for attending to these important matters has passed. It is the responsibility of counsel to know and follow the local rules.

Between the time Plaintiff's instant motion was filed and this Order was drafted, the Court came to see a pattern in the way that attorney Martin participated in virtually every case where attorney Bowling was counsel of record, dating back to at least 2004, and in cases of other admitted attorneys as well. The Court then became aware of warnings and denials of fees issued to counsel who sought fees for Mr. Martin's similarly-administered services by several courts in the District of South Carolina[2] dating back to May of 2008. Based thereon, the Court is confident that Mr.

---

[2] All of the following references are to cases in the District of South Carolina. Warnings: 9:07-cv-00546, 5/9/08; 0:06-cv-02255, 7/24/08; 8:06-cv-03610, 04/09/09; 0:07-cv-01424, 5/13/09. Denials: 8:07-547, 2:07-1621, and 3:07-3785, 7/29/09; 6:08-546, November 24, 2009.

7

Martin knew the risks of failing to seek *pro hac vice* admission as required by this Court's rules. It is noted that this case was filed two months after Mr. Martin's first warning in South Carolina.

It is the obligation of this Court to regulate and manage the practice of law in this District. In Re G.L.S., 745 F.2d 856 (4th Cir. 1984); Rule 83, Fed. R. Civ. P.; LcvR 83.1. Acting on that obligation protects the citizens of this District from "quality control problems" enabled by the routine exercise of significant influence over local cases by persons over whom no local authority otherwise can assert credentialing, service of process, and discipline. Hon. G. Ross Anderson, Jr., "Renting Your Law License Can Be Dangerous: Avoiding the Rubber-Stamp Mentality Surrounding *Pro Hac Vice* Admissions", South Carolina Lawyer, March 2010, p. 33, Sanders v. Russell, 401 F.2d 241, 245 (5th Cir. 1968).

The Court addressed the above-referenced pattern in another case in this District, ultimately resulting in attorney Martin's obtaining *pro hac vice* admission to this Court in seven cases where his name appears on the respective Plaintiff's brief. Those seven cases were filed more recently than this case, and attorneys Bowling and Martin were alerted that future *pro hac vice* admission requests were unlikely to be granted. However, due to the age and advanced progression of this case, for the smooth

administration of justice, *pro hac vice* admission will not be required here before Plaintiff's instant motion can be ruled upon.  Since attorneys Martin and Naides are neither licensed in this district nor admitted *pro hac vice*, however, they cannot be treated as admitted attorneys for purposes of this fee petition.

In another matter, attorney Martin personally appeared in this Court and addressed concerns raised by his pattern of participation in Social Security cases in this District.  Notably, he discussed the strong appearance that rather than working solely as a brief-writer for admitted attorneys at their behest, he might be creating relationships with admitted attorneys that equate to providing "a legal conduit through which [Martin and his associates are] attempting to practice in this court without seeking admission to the Bar or *pro hac vice*," an arrangement condemned in Humphrey v. Apfel, No. 1:98-CV-162-C (N.D.Tex. July 2, 1999) (Koenig, J.)(quoted in Sandoval v. Apfel, 86 F.Supp.2d 601, 607 (N.D.Tex.,2000)). The Court understands attorney Martin's responses as describing a relationship wherein he, an unlicensed person, provides legal services to lawyers.

Providing such services to attorneys while not being licensed essentially serves the role of a paralegal.  The Court, therefore, concludes

that attorneys Martin and Naides are entitled to payment as paralegals pursuant to this petition for fees.  This leads to the question at what rate should such services be compensated. In this District, paralegal services have been compensated for a significant period at a rate of $65.00 per hour.  Review *sua sponte* of the length of time this has been the customary rate indicates that an increase is in order.  The Court concludes that a rate of $70.00 per hour is reasonable, and it is that rate at which the services of Martin and Naides will be paid.

Finally, the Court appreciates and expects the continued candor of attorney Bowling, a member of this Bar, in revealing the status of each person performing work on his clients' claims.  Sandoval at 605.  It was this consistent transparency that aided the Court in reviewing and understanding the pattern, facilitating its efforts toward a fair means of addressing its obligation to regulate practice in this District, the need for citizens to have access to legal representation in specialty areas, and the desire of that counsel to be fairly compensated.

**O R D E R**

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees Under the Social Security Act [Doc. 21] is **GRANTED** in part and **DENIED** in part. The Court **DIRECTS** as follows:

(1) Defendant to pay Plaintiff's counsel of record, Russell Bowling, $3,441.20, which represents 6.8 hours' attorney work at $224.00 per hour and 27.4 hours' paralegal work at $70.00 per hour.

(2) Plaintiff's counsel to pay as a refund to Plaintiff, the lower of $3,441.20 and any sum actually paid by Plaintiff to counsel as attorney fees from the award previously made to Plaintiff under the EAJA.

(3) With respect to any portion of the EAJA award attributed as a costs, Plaintiff's counsel shall reimburse that portion to Plaintiff if the Plaintiff's own funds originally paid such costs and Plaintiff has not already been reimbursed.

This Order is without prejudice to Plaintiff's right to seek and be awarded fees pursuant to 42 U.S.C. §406(a), subject to applicable caps.

**IT IS SO ORDERED.**

Signed: October 18, 2010

Martin Reidinger
United States District Judge